Jenkins and others, Administrators v. Thenet and another.

---

---

JOHN J. JENKINS and another, administrators with the will annexed of Alexander Leo Fenwick, deceased, *v.* ALEXANDER THENET and another.

Where slaves brought into this state from another in which they are regarded as chattels, have remained for many years in the possession of a citizen of this state, he will be presumed to be the owner of them ; and a *bona fide* purchaser from him, without notice of any title in another, will be protected. Otherwise, where the purchaser had notice of the claims of a non resident owner.

APPEAL from the District Court of St. Martin, *King*, J.

*Magill*, for the plaintiffs.

*Voorhies*, for the appellants.

BULLARD, J. The plaintiffs sue as administrators of the estate of Alexander Leo Fenwick, late of the state of Maryland, deriving their authority to act as such in this State, from the Court of Probates for the parish of St. Martin. They allege that Joseph Fenwick, of this State, was first appointed administrator of the said estate with the will annexed, by the Orphan's Court of St. Mary's county, Maryland ; and that he brought to this State a number of slaves belonging to the estate, and fraudulently sold them, and converted the proceeds to his own use. That the defendants, Thenet and Baron, purchased two of the said slaves, to wit, Mary and her child, Clinton. That the appointment of the said Joseph Fenwick has been revoked and annulled, and the petitioners duly qualified to act as administrators, both in Maryland and Louisiana.

The facts are clearly proved. The slaves were brought into this State, in 1835, by Joseph Fenwick, he having been previously qualified as administrator of the estate of his deceased brother, Alexder Leo Fenwick, in Maryland, and having caused an inven-

tory to be made, in which the slaves are put down as the property of the estate; and they were identified on the trial of the case. It is further shown, that the defendants were notified before they made the purchase, that the slaves were not the property of Joseph Fenwick, but belonged to the estate of Alexander Leo Fenwick.

Slaves, it is shown, are personal property in Maryland, but that an administrator cannot purchase, or become the owner of property belonging to the estate which he administers. 6 Harris & Johnson's R. 67.

Nor can he retain the property at the appraisement, on paying debts out of his own funds to the amount of the appraisement. 2 Harris & Johnson's R. 483

Slaves being thus regarded as chattels in Maryland, and having been brought into this State, and possessed for many years by one of our own citizens, he must be presumed to be the true owner, and consequently a *bona fide* purchaser from him, without notice of the title of the estate of Alexander Leo Fenwick, ought to be protected. This is more especially the case in relation to Joseph Fenwick, who was recognised as a citizen of Louisiana, when he was appointed administrator in Maryland, and was so described in the bond signed by the present plaintiffs as his sureties.

The principal question, therefore, is, whether the defendants when they purchased were notified of the title of the estate.

The evidence in relation to these defendants leaves no doubt on our minds as to the notice to them. A witness who knows the slaves as well as all the parties, swears that having heard that Thenet was about to purchase some of these slaves, he enquired of him if it was true, and learning that it was, he told Thenet to beware; that those slaves did not belong to Joseph Fenwick, but to the minor children of his brother Alexander Leo Fenwick. Thenet replied, that Fenwick had assured him that there would be no danger in making the purchase, as he had given security in Maryland.

Thus it appears that the defendants purchased at their risk, with full notice of all the circumstances; and the court did not err in giving judgment for the plaintiffs.

*Judgment affirmed.*